IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERTRUE INCORPORATED, : | |
| : | |
| Plaintiff, : | |
| : | M.A. 06-115-KAJ |
| v. : | |
| : | (Pending in the United States District Court |
| ALEXANDER B. MESHKIN, : | for the District of Connecticut – Docket |
| : | No. 3:05-CV-1809 (PCD)) |
| Defendant. : | |

**DEFENDANT'S MOTION TO QUASH AND
ANSWERING MEMORANDUM IN SUPPORT OF
OBJECTION TO THE ISSUANCE OF A SUBPOENA**

Pursuant to Federal Rules of Civil Procedure 26, 34 and 45, defendant Alexander Meshkin ("Meshkin") submits this motion to quash and limited objection to plaintiff Vertrue Incorporated's ("Vertrue") subpoena *duces tecum* issued to Meshkin's testifying expert Santora CPA Group ("SCG"). In support of this objection, Meshkin states as follows:

1.  Vertrue's subpoena must be quashed for at least two reasons. First, the subpoena is ineffective because it was not served with the requisite appearance fee. Second, if the subpoena seeks purely factual information, it is untimely given the fact discovery deadline established by the Untied States District Court for the District of Connecticut. Finally, Vertrue's motion must fail as it never served the deponent with this motion pursuant to Rule 5. If Vertrue's subpoena substantially complies with the procedural requirements, its scope must be limited because it is: (i) overly broad and (ii) does not provide for reasonable compensation to be paid to SCG in aid of these expert disclosure efforts.

**Facts**

2.      Vertrue commenced this action by filing a complaint in the Superior Court of Connecticut. (Conn. D.I. 1) (Docket items referencing the District of Connecticut docket for the above-captioned matter will be "Conn. D.I. __"). On November 28, 2005, Meshkin timely removed that action to the United States District Court for the District of Connecticut (the "Connecticut Action"). (Conn. D.I. 1).

3.      On February 27, 2006, Meshkin filed a fully-briefed motion to dismiss or stay the Connecticut Action. (Conn. D.I. 39).

4.      On April 19, 2006, the parties filed their Rule 26(f) Report with the District of Connecticut identifying June 16, 2006 as the deadline for Verture's expert reports and June 30, 2006 for Meshkin's expert reports.

5.      On June 7, 2006, Meshkin served Vertrue with a copy of the SCG report and further identified it as such in court submissions. (Conn. D.I. 104, 105).

6.      On April 27, 2006, the District of Connecticut denied Meshkin's motion to dismiss or stay. (Conn. D.I. 52).

7.      On May 16, 2006, the District of Connecticut issued an electronic order approving and adopting in part the parties' Rule 26(f) Report. (Conn. D.I. 69). The District of Connecticut further identified that fact discovery was to be completed by June 30, 2006 and that dispositive motions be filed by July 31, 2006. (Conn. D.I. 69). No trial date or pretrial date was identified or set by the District of Connecticut.

8.      On June 28, 2006, Vertrue caused to be served on SCG a subpoena seeking the production of a numerous and broad categories of documents (the "SCG Subpoena"). The

subpoena was not served with any appearance fee whatsoever. (Skinner Declaration at ¶6).[1] The subpoena included a response date seven (7) days after the close of fact discovery in the Connecticut Action – July 7, 2006. (D.I. 1 at Ex. A).

9.  The SCG Subpoena first appeared to be directed to SCG's records as provided during Meshkin's retention of the firm as an expert in the Connecticut Action.

10. Pursuant to The Honorable Peter Dorsey's standing order on non-dispositive motions, Meshkin attempted to serve Vertrue with his limited objection to the SCG Subpoena on July 7, 2005. Through an administrative error, the service copies of the objection were never deliver, however, SCG did receive its copy of the objection.

11. Pursuant to the Judge Dorsey's standing order, Meshkin filed his objection to the SCG Subpoena as unopposed after not having received any response from Vertrue for twenty-one (21) days. (Conn. D.I. 123).

12. On August 2, 2006, Vertrue represented to Meshkin that the SCG Subpoena was directed to SCG "in its capacity as a fact witness" and that the subpoena is "not seeking documents created only in Santora Group's capacity as an expert." (D.I. 1 at Ex. L).

13. Shortly thereafter, Meshkin was informed by Vertrue that service copies were never received. Upon Vertrue's request, Meshkin withdrew his motion from the District of Connecticut. (Conn. D.I. 124).

14. The same day Meshkin withdrew his motion before the District of Connecticut, he caused to be served the same objection, setting forth the same bases for objection.

---

[1] The Declaration of SCG's Office Manager, Kathie Skinner, is attached hereto as Exhibit 1.

WILMINGTON\36297\1180735.000

15. On August 15, 2006, Vertrue filed the instant motion to enforce its SCG Subpoena. (D.I. 1). The certificate of service attached to the motion does not purport to represent Vertrue served SCG with a copy of this motion, in any manner. Counsel for Meshkin has not provided SCG with a copy of the motion.

## Argument

### I. The SCG Subpoena is Procedurally Flawed

**A.** *Vertrue did not Serve the SCG Subpoena with the Requisite Appearance Fee*

16. Pursuant to 28 U.S.C. § 1821, Vertrue was required to provide SCG with a $40 appearance fee and mileage for delivery of the documents to Vertrue's Wilmington office.

17. Kathie Skinner, SCG's Office Manager, testifies that no payment of fees accompanied service of the SCG Subpoena.

18. Vertrue's service of the SCG Subpoena was defective and, therefore, the subpoena is unenforceable.

**B.** *Vertrue's Fact Discovery Efforts are Untimely and, Therefore, not Enforceable*

19. The fact discovery deadline in the Connecticut Action was June 30, 2006. Vertrue purports to limit the scope of the subpoena to SCG's "capacity as a fact witness" and expressly states that the subpoena is "not seeking documents created only in Santora Group's capacity as an expert." (D.I. 1 at Ex. L).

20. The SCG Subpoena was served on June 28, 2006, issued from the United States District Court for the District of Delaware. (D.I. 1 at Ex. A).

21.   Pursuant to Delaware practice, Vertrue was required to give SCG reasonable notice to comply with the terms of the subpoena. *Cf.* D. Del. LR 30.1 (indicating that five (5) business days is reasonable notice for a deposition).

22.   As the subpoena was served on June 28 and the fact discovery deadline in the Connecticut Action was June 30, Vertrue was unable to give reasonable notice for SCG's compliance with the subpoena within the time period permitted for fact discovery in the Connecticut Action.

23.   As Vertrue's response date for the SCG Subpoena is outside the permissible time for fact discovery in the Connecticut Action and Vertrue has not sought an extension of the fact discovery deadline before the Connecticut District Court, its conduct of attempting to enforce these fact discovery efforts before this Court is misplaced.

C.   <u>Vertrue Failed to Serve SCG will a Copy of its Motion</u>

24.   Pursuant to Federal Rule of Civil Procedure 5, Vertrue was required to serve SCG with a copy of the instant motion as Vertrue seeks relief directed at or against Meshkin and SCG.

25.   Vertrue's certificate of service for its motion does not purport to represent that SCG was served with a copy of the motion.

26.   As Vertrue has failed to comply with its responsibility of placing SCG on notice of this motion, Vertrue cannot obtain relief against an entity it failed to served.

**II.   <u>The Scope of the SCG Subponea is Overly Broad and Burdensome</u>**

27.   Vertrue's document requests are overly broad and should be limited as the subpoena may unintentionally encroach upon materials protected by the work product doctrine. The Third Circuit has held that, at least as to opinion work product, production of such materials

should not be ordered. *Bogosian v. Gulf Oil Corp.*, 738 F.2d 587, 594-96 (3d Cir. 1984); 8 Fed. Prac. Proc. § 2031. Accordingly, the discovery efforts must be appropriately limited.

28.     Finally, Vertrue's efforts to seek document production from a testifying expert is premature as Vertrue has not attempted to schedule SCG's deposition nor has the District of Connecticut established a trial date. At such time as the parties mutually agree to the presentation of SCG for a deposition, any and all responsive, non-privileged documents will be delivered to counsel for Vertrue sufficiently in advance of the deposition or as required by Rule 26(a)(2)(C) if no deposition is scheduled.

Dated: August 29, 2006

_____
Sean J. Bellew (#4072)
David A. Felice (#4090)
Cozen O'Connor
1201 North Market Street, Ste. 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I, Sean J. Bellew, do hereby certify that on August 29, 2006, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing to the following counsel of record:

Joseph B. Cicero, Esquire
Edwards Angell Palmer & Dodge LLP
919 N. Market Street, 14th Floor
Wilmington, DE 19801

 

_____
Sean J. Bellew (#4072)
Cozen O'Connor
1201 North Market Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013
E-mail: sbellew@cozen.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERTRUE INCORPORATED, : | |
| : | |
| Plaintiff, : | |
| : | M.A. 06-155-KAJ |
| v. : | |
| : | (Pending in the United States District Court |
| ALEXANDER B. MESHKIN, : | for the District of Connecticut – Docket |
| : | No. 3:05-CV-1809 (PCD)) |
| Defendant. : | |

**DECLARATION OF KATHIE SKINNER IN SUPPORT OF
DEFENDANT'S OBJECTION TO THE ISSUANCE OF A SUBPOENA**

I, Kathie Skinner, hereby state in accordance with the provisions of Title 28, section 1746 of the United States Code the following:

1. I am over eighteen (18) years of age and competent to testify about the facts stated herein.

2. I am employed by Santora CPA Group ("SCG") as its Office Manager.

3. On or about June 28, 2006, I received a subpoena issued to SCG.

4. Attached to the subpoena was a Schedule A.

5. No other documents accompanied the service of the subpoena.

6. A check did not accompany the service of the subpoena on June 28, 2006.

7. SCG has not received and no one has attempted to deliver cash, check or any other currency in connection with the subpoena.

Executed this 29th day of August, 2006.

_____
Kathie Skinner

WILMINGTON\36298\1180735.000